**The below described is SIGNED.**



**Dated: April 27, 2007**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

---

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number 05-29651 |
| **Twin Lakes Real Estate, LLC,** | Chapter 11 |
| Debtor. | |
| **Heather Fry, Nicole Fry, Valerie Fry, as individuals and as beneficiaries of the Jelem Trust, the Glen J. Fry Trust and the Victoria Fry Chidlren's Trust; The Victoria Fry Children's Trust; Phillip Fry as Successor Trustee of the Victoria Fry Childrens' Trust**, | |
| Plaintiffs, | Adversary Proceeding No. 05-2654 |
| v. | Judge: William T. Thurman |
| **United States of America; and Twin Lakes Real Estate, LLC** | |
| Defendants. | |

**MEMORANDUM DECISION GRANTING DEFENDANT UNITED STATES' MOTION
TO DISMISS COMPLAINT**

The matter before the Court is the United States' Motion to Dismiss Plaintiffs' complaint. The United States argues that the Plaintiffs lack standing to raise the claims in this adversary proceeding, and that their claims are barred by the applicable statute of limitations in this case. The Court determines that it lacks jurisdiction over the complaint.[1]

## I.    JURISDICTION AND VENUE

For the limited purpose of ruling on the United States' Motion to Dismiss, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). Venue is appropriate under 28 U.S.C. § 1409(a).

## II.    BACKGROUND

The Debtor, Twin Lakes Real Estate, LLC ("Twin Lakes"), was created in May, 2002 and is wholly owned by the Victoria Fry Children's Trust, which in turn is owned by the Jelem Trust. It filed for chapter 11 bankruptcy relief on June 20, 2005. Phillip Fry signed the bankruptcy petition as the Debtor's Chief Operating Officer.

At the time of filing for bankruptcy relief, Twin Lakes held title to three real properties:1) property commonly referred to as the "28 acre property" located at 158 North 3700 West, Hurricane, Utah; 2) property commonly referred to as the "7.75 acre property" located at 50 North 3400 West, Hurricane, Utah; and 3) property commonly referred to as "the Fun Center" located at 55 North 3700 West, Hurricane, Utah. The Plaintiffs allege that the Debtor held title to the 7.75 acre property and the Fun Center as "nominee" for the Victoria Fry Children's Trust and the Jelem Trust.

---

[1]The Court notes that the Debtor has filed a cross-claim against the United States in this adversary proceeding. This Memorandum Decision does not address the cross-claim although special counsel for the Debtor was present for the hearing on this matter.

Also at the time of filing the petition, the 7.75 acre property and the Fun Center were encumbered by tax liens filed by the Internal Revenue Service in an attempt to enforce a tax debt owed by Phillip Fry.  The IRS argues that the Debtor, the Victoria Fry Children's Trust, and the Jelem Trust are "alter egos" of Mr. Fry, and asserts that he is the true owner of these properties.

On September 2, 2005, the Court issued an Order approving the sale of the 28 acre property for $1.9 Million. On December 7, 2005, the Court issued an Order requiring all proceeds from the sale of the Debtor's assets to be deposited with the Court.  On January 25, 2006, the Debtor filed a Motion to Sell the 7.75 acre property, alleging that the Debtor held full legal title to the property.  Counsel for the Plaintiffs appeared at the hearings on the Motion to Sell, held on February 15, 2006 and March 9, 2006, and did not object to the sale on the terms and conditions set forth in the Motion.  Accordingly, the Court entered Orders Granting the Motion to Sell the 7.75 acre property on March 23, 2006 for $2.52 Million. Those proceeds were also ordered to be deposited with the Court.

On October 21, 2005, the Plaintiffs commenced this adversary proceeding against the United States seeking declaratory relief that the tax liens filed against the 7.75 acre property and the Fun Center are wrongful and a judgment requiring the United States to remove the liens. The United States characterizes this relief as seeking quiet title to the 7.75 acre property and the Fun Center.  The Plaintiffs' complaint also sought compensatory and punitive damages for wrongfully filing the tax liens, but they withdrew those claims in their Response to the Motion to Dismiss and at the hearing on this matter.  The Plaintiffs, which include Phillip Fry, are the beneficiaries and representatives of the Jelem Trust and the Victoria Fry Children's Trust. Again, the Victoria Fry Childrens' Trust is the sole member of the Debtor.  The named Plaintiffs

do not include the Debtor but instead the Debtor is a named co-Defendant in this case.

Nevertheless, the injury asserted by the Plaintiffs in this matter relates solely to the Debtor.

On February 27, 2007, the United States filed the present Motion to Dismiss.  The United

States argues that the Court lacks jurisdiction over this proceeding because the Plaintiffs lack

standing to raise the claims at issue and because they are asserting claims barred by the doctrine

of Sovereign Immunity.  The Plaintiffs argue that they have standing to raise the claims at issue

because they will be directly impacted if the United States is permitted to retain its liens on the

properties and because they believe they are now creditors of the Debtor's bankruptcy estate.

Specifically, they allege that when the Debtor's title company was facilitating the sales of the 28

acre property and the 7.75 acre property, the Plaintiffs "gave notice" to the title company that

they would not consent to the sale unless the proceeds were designated for the Debtor and

"Heather Fry, Nicole Fry, and Valerie Fry, as beneficiaries and as individuals."  They further

allege that in light of this demand, the title company issued checks for the sale proceeds with the

designation, "OBO Twin Lakes Re, Heather, Nicole, & Valerie Fry."[2]  They argue that because

they gave consent to the sale, they are "in effect, bona fide creditors of Twin Lakes."

## III.    ANALYSIS

Federal Rule of Civil Procedure 12(b)(1), extended to this adversary proceeding by

Bankruptcy Rule 7012, requires the Court to dismiss a case if the Court finds that it lacks

jurisdiction over the proceeding.  Motions to dismiss under Rule 12(b)(1) take two forms.  A

movant may raise a facial attack on a complaint, arguing that it does not allege sufficient facts to

---

[2]In their Response to the United States' Motion to Dismiss, the Plaintiffs explain that "OBO"
means "On Behalf Of."

*4*

support a finding of subject matter jurisdiction.[3]  In addressing a facial attack, a court must

"accept the allegations in the complaint as true" and ask whether subject matter jurisdiction

would exist if those facts were proven.[4]  In the alternative, a motion to dismiss may raise a

factual challenge to the court's jurisdiction.  In this situation, the movant goes beyond the

allegations in the complaint and argues the evidence itself shows a lack of jurisdiction.  In

addressing a factual challenge under Rule 12(b)(1), a court should not presume the truthfulness

of the complaint's factual allegations but should attempt to determine its jurisdiction based on

"affidavits, other documents, and a limited evidentiary hearing."[5]

The United States' Motion to Dismiss raises a facial challenge to the Court's jurisdiction

over this proceeding.  Accordingly, the Court must evaluate its jurisdiction under the facts plead

in the Plaintiffs' complaint and accept them as proven.  Under this analysis, the Court determines

that it lacks jurisdiction over this proceeding.  In the alternative, the Court determines that it

lacks jurisdiction even under the analysis of a factual challenge.

A.    **Facial Challenge: Taking the Plaintiffs' Alleged Facts as True, the Court Lacks Jurisdiction over this Adversary Proceeding**

Bankruptcy courts are courts of limited jurisdiction, covering only two types of

jurisdiction — core jurisdiction and "related to" jurisdiction.[6]  A core proceeding is one which

---

[3]Holt v. U.S., 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[4]Id.

[5]Id. at 1003.

[6]In re Gardner, 913 F.2d 1515, 1517 (10th Cir. 1990).

depends on bankruptcy law for its existence.[7]  A related proceeding is one which could have

been brought in a district or state court but which could conceivably impact the administration of

the bankruptcy estate.[8]

Taking the facts alleged in the Plaintiffs' complaint and response to the Motion to

Dismiss as given, the Court determines that it lacks jurisdiction over this adversary proceeding.

The Plaintiffs allege that at the time of filing, the Debtor held title to the Fun Center and the 7.75

acre property as "nominee" for the Victoria Fry Children's Trust and the Jelem Trust.

Specifically, their complaint provides:

> Consequently, Twin Lakes is **not** the beneficial owner of the property, but is solely and
> only a nominee on behalf of the Jelem Trust and the Annuity Trust, for the exclusive
> benefit of equitable owner beneficiaries Heather Fry, Nicole Fry, and Valerie Fry, as trust
> beneficiaries and as individuals.[9]

According to this assertion, the Fun Center and the 7.75 acre property are not property of the

estate.  If that is true, this adversary proceeding is not core and is not a related proceeding

because the complaint relies on non-bankruptcy law in seeking relief and because its resolution

will not impact the administration of the estate.[10]

Accordingly, the Court concludes that taking the facts plead by the Plaintiffs as true, it

lacks jurisdiction over this adversary proceeding.

---

[7]Id. at 1518.

[8]Id.

[9]Complaint at ¶ 26.

[10]The Court is aware that in granting the Debtor's Motion to Sell the Fun Center and the 7.75
acre property, it implicitly found that they were property of the estate.  The Court makes no
determination as to whether this finding was erroneous.  In considering a Motion to Dismiss, the
Court must assume all facts plead by the Plaintiffs as true.

**B.    Factual Challenge: In the Alternative, the Court lacks Jurisdiction Because the Plaintiffs Lack Standing**

In the alternative, the Court concludes that even if the United States' Motion to Dismiss raised a factual challenge to its jurisdiction, and even if the Court concluded that the proceeding were subject to "related to" jurisdiction, the Plaintiffs would then lack standing.  Courts lack jurisdiction over adversary proceedings if the Plaintiff does not have standing to raise the causes of action at issue.[11]

Standing consists of two components — constitutional requirements under Article III ("Constitutional Standing"), and prudential considerations ("Prudential Requirements").[12] Constitutional Standing requires a showing that the Plaintiff has "suffered some actual or threatened injury" which was caused by the Defendant's wrongful conduct and which would be redressed by a judgment in favor of the Plaintiff.[13]  A corporate shareholder or a member of a limited liability company (as here) establishes Constitutional Standing by showing that he or she has or will suffer actual pecuniary injury as a result of the Defendant's actions.[14]  So long as the Defendant's alleged actions reduced a shareholder's return on his or her investment, the shareholder suffers injury in the Article III sense.[15]

---

[11]Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006).

[12]Franchise Tax Board of California v. Alcan Aluminum Ltd., 493 U.S. 331, 335 (1990); Grubbs v. Bailes, 445 F.3d 1275, 1280 (10th Cir. 2006).

[13]Alcan Aluminum Ltd., 493 U.S. at 335 (citing Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38 (1976)).

[14]Id. at 336.

[15]Bailes, 445 F.3d at 1280.

The Prudential Requirements for standing are more restrictive than Constitutional Standing, providing that the Plaintiff may only raise his or her own legal rights.[16]  Thus, corporate shareholders normally do not meet the Prudential Requirements to enforce the rights of a corporation.[17]  The one exception to this rule is if the shareholder has an independent personal interest in the cause of action.[18]

The Court concludes that if this is a related proceeding, the Plaintiffs lack standing to raise the claims at issue.  As discussed above, for this to be a related proceeding, the property at issue must be property of the estate (which means the Debtor must hold more than just legal title to the property).  The Plaintiffs allege otherwise.  But if the Court overlooks this allegation and concludes that the property at issue is property of the estate, the Court must also conclude that the causes of action raised by the Plaintiffs are held by the bankruptcy estate and not by the Plaintiffs.  The Plaintiffs allege that the United States wrongfully encumbered the Debtor's property with tax liens and seek a judgment requiring the United States to remove the liens.  This cause of action inures to the benefit of the Debtor's bankruptcy estate but not the Plaintiffs.  The injury caused to the Plaintiffs would only be that of the Debtor's shareholders or members.  In which case the Plaintiffs would not meet the Prudential Requirements.[19]

---

[16]Alcan Aluminum Ltd., 493 U.S. at 336; Bailes, 445 F.3d at 1280.

[17]Alcan Aluminum Ltd., 493 U.S. at 336.

[18]Id.; Bailes, 445 F.3d at 1280 (finding that shareholders had prudential standing because they held their own possessory interest in corporate property subject to a trespass action).

[19]The Plaintiffs also cite to an unpublished opinion issued by the Tenth Circuit Court of Appeals, wherein the Circuit held that a shareholder may have standing to raise claims where the alleged wrong is itself a breach of duty owing to the shareholder, and where it resulted in damages both to the corporation and to the shareholder. Manheim Automotive Fin. Svcs., Inc. v. Forshee
(continued...)

The Plaintiffs argue that they are "bona fide creditors" of the estate. They argue that because the Debtor held title to the properties as their "nominee," their consent was required to facilitate the court-approved sale of the properties. To that end, they allege that they "gave notice" to the title company facilitating the sales that their consent was conditioned upon the sale proceeds being designated for both the Debtor and "Heather Fry, Nicole Fry, and Valerie Fry, as beneficiaries and as individuals." The Plaintiffs argue that by giving their consent to the sale, they became "bona fide creditors" of the Debtor's bankruptcy estate, and argue that they have standing to raise the claims involved in this adversary proceeding as creditors of the estate.

Whether the Plaintiffs are creditors of the Debtor's bankruptcy estate is irrelevant as to whether they have standing to raise the claims at issue in this adversary proceeding. If the 7.75 acre property and the Fun Center are property of the estate, the claims raised in this adversary proceeding against the United States are also property of the estate. As such, they can only be raised by the Debtor's chapter 11 estate and not by its creditors.[20]

The Tenth Circuit Court of Appeals recently discussed similar arguments in Log Furniture, Inc. v. Call.[21] Specifically, the Tenth Circuit stated that

"the Code makes no provision within the structure of Chapter 7 for 'former management' to appear in the proceeding and attempt to control the property of the estate or assert a

---

[19](...continued)
Auto Sales, Inc., 122 Fed.Appx. 925 (10th Cir. 2005). That case is inapposite because the alleged wrong in this adversary proceeding does not constitute a breach of duty owing to both the Debtor and the Plaintiffs. The Court has carefully reviewed the allegations in the Plaintiffs' complaint and response to the Motion to Dismiss. Nowhere in those pleadings do the Plaintiffs allege an independant ownership in the properties at issue aside from those which the Debtor allegedly holds as "nominee."

[20]See In re Ontos, Inc., 478 F.3d 427, 431-32 (1st Cir. 2007).

[21]180 Fed.Appx. 785 (10th Cir. 2006).

separate interest on behalf of the Debtor.  The whole notion that the contrary is true is antithetical to the basic concept of a corporate liquidating bankruptcy under Chapter 7 of the Code."

Although <u>Log Furniture</u> was an unpublished decision and discussed chapter 7 of the bankruptcy code, the Court finds its reasoning persuasive and believes it applies equally to a chapter 11 bankruptcy case.  Thus, even if the Plaintiffs are creditors of the Debtor's bankruptcy estate, it does not follow that they have standing to raise the claims at issue in this adversary proceeding.

Finally, the Plaintiffs argue that they have standing to raise the claims at issue pursuant to 11 U.S.C. § 1109, which provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."  This argument may overlap with the Plaintiffs' argument that they have standing as creditors of the estate, but to the extent it differs the Court holds that § 1109 does not authorize a party in interest to commence adversary proceedings.

Section 1109 does not provide a party in interest standing to raise causes of action held by the Debtor.  It merely provides the "general right to 'monitor' the progress of the chapter 11 case."[22]  Thus, a party in interest who seeks to intervene in an adversary proceeding must still show that he or she has standing to raise the claims at issue.[23]  The same notion applies to a party seeking to raise an independent claim in an adversary proceeding.

---

[22]<u>In re Kaiser Steel Corp.</u>, 998 F.2d 783, 790 (10th Cir. 1993) (quoting <u>In re Thompson</u>, 965 F.2d 1136, 1142 (1st Cir. 1992)).

[23]<u>Id</u>. at 790.

In this case, the Plaintiffs may be a party in interest but they have not established standing to raise the claims at issue. Section 1109 does not solve this problem.

Accordingly, the Court concludes that it lacks jurisdiction over this adversary proceeding under 28 U.S.C. § 1334 because the proceeding is neither a core nor a related proceeding. The Court further concludes that even if this was a related proceeding, the Plaintiffs lack standing to raise the claims at issue.

In light of the reasoning of this Memorandum Decision, the Court need not address the remaining arguments raised in the Motion to Dismiss. The court specifically does not rule on the merits of the Debtor's cross-claim in this adversary proceeding.

## IV.    CONCLUSION

The United States' Motion to Dismiss should be granted. A separate order accompanies this Memorandum Decision.

_____End of Document_____

Service of the foregoing **MEMORANDUM DECISION GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS COMPLAINT** will be effected through the Bankruptcy Noticing Center to each party listed below.

All parties listed on the mailing matrix filed with the Court.

David Pinkston
Max Wheeler
Joseph Barrett                                    Mark Barnes
Snow Christensen & Martineau          US Attorney's Office
10 Exchange Place                             150 Social Hall Avenue, Suite 313A
Eleventh Floor                                   Salt Lake City, UT 84111-1504
P.O. Box 45000
Salt Lake City, UT 84145

Robert Fugal
Bird & Fugal
384 East 720 South, Suite 201
Orem, UT 84058

Weston White
Farris & Utley
189 North Main Street
P.O. Box 2408
St. George, UT 84771-2408

Laurie Cayton
U.S. Trustee's Office
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Larry Meyers
P.O. Box 1146
St. George, UT 84771-1146

Philip Blondin
Chad Nardiello
U.S. Department of Justice
Ben Franklin Station, P.O. Box 683
Washington, D.C. 20044-0683

*12*