**The below described is SIGNED.**

(tjc)

**Dated: April 08, 2008**   _____
    *William J. Thurman*
    **WILLIAM T. THURMAN**
    **U.S. Bankruptcy Judge**



_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

In re:

TWIN LAKES REAL ESTATE, LLC.,

     Debtor.

HEATHER FRY, et al.,

     Plaintiff,

v.

INTERNAL REVENUE SERVICES,
USA, et al.,

     Defendants

Bankruptcy Number 05-29651

Chapter 11

Adversary No. 05-2654

### FINDINGS OF FACT, CONCLUSIONS OF LAW & RULE 54(b) CERTIFICATE

THIS MATTER having come before the Court for hearing on the Court's Order to Show

Cause on February 7, 2008, with the Plaintiffs represented by their counsel, Larry M. Meyers,

the Chapter 7 Trustee for Defendant Twin Lakes, David West, being present and represented by

his general bankruptcy counsel, Duane H. Gillman, and Defendant United States of America

being represented by its counsel, Mark Barnes, and the Court having heard the parties' proffers

and arguments, the Court hereby makes the following:

## FINDINGS OF FACT

1.      Heather Fry, Nicole Fry, Valerie Fry, as individuals and as beneficiaries of the

Jelem Trust, the Glen J. Fry Trust, and the Victoria Fry Children's Trust; the Victoria Fry

Children's Trust, and Philip Fry, as Successor Trustee of the Victoria Fry Children's Trust

(together, the "Plaintiffs") commenced this adversary proceeding by filing a complaint against

the Internal Revenue Service of the United States of America (the "Service") and Twin Lakes

Real Estate, L.L.C., the debtor in this case (the "Debtor") on October 26, 2005.  The complaint is

docket no 1.  Claims for relief included removal of invalid liens, res judicata, enforcement of

settlement agreement, failure to file for fraudulent transfer, compensatory damages, and punitive

damages.

2.      On January 13, 2006, the Service filed its answer.  Among other responses, the

Service asserted that this Court does not have subject matter jurisdiction over the Plaintiffs'

claims for money damages and punitive damages because of their failure to allege "an

affirmative waiver of sovereign immunity," or over the Plaintiffs' claims for declaratory relief.

The Service's answer is docket no. 19.

3.      On March 17, 2006, the Debtor filed its answer to the Plaintiffs' complaint and its

cross-claim against the Service.  The answer and cross-claim is docket no. 26.  The Debtor's

claims for relief in its cross-claim included quiet title/removal of wrongful liens, declaratory

judgment that the Service is not entitled to an interest in property of the Debtor or in proceeds

therefrom, and for disallowance of liens.  The Debtor then filed an amended answer and cross-claim on April 6, 2006.  Hence, there are multiple claims in this lawsuit.

4.    On April 5, 2006, the Service filed its answer to the Debtor's cross-claim (docket no. 27).

5.    On May 23, 2006, the Debtor filed a motion to file a second amended answer and cross-claim (docket no. 31).

6.    On February 27, 2007, the Service filed its motion to dismiss the Plaintiffs' complaint.  The dismissal motion and supporting memorandum in support thereof are docket nos. 47 and 48.

7.    On April 12, 2007, the Debtor filed a response to the Service's dismissal motion (docket no. 81), and on April 13, 2007, the Plaintiffs filed their response to the dismissal motion (docket no. 84).  On April 18, 2007, the Service replied to the responses (docket no. 85).

8.    On April 27, 2007, following a hearing on the motion to dismiss, this Court entered its Order granting the Service's motion and dismissed the Plaintiffs' complaint (the "Dismissal Order"), docket no. 89.  The Court did not dismiss the cross-claim by the Debtor against the Service.

9.    The Plaintiffs filed a notice of appeal of the Dismissal Order on May 7, 2007.  It has been assigned to the  Bankruptcy Appellate Panel of the Tenth Circuit (the "BAP").

10.    On May 14, 2007, this Court granted the Debtor's motion to file a second amended answer and cross-claim (docket no. 98).

11.    On October 26, 2007, the BAP issued an Order in the Plaintiffs' appeal of the Dismissal Order requiring the Plaintiffs either to "secure a Rule 54(b) certification or an order or

judgment explicitly adjudicating all remaining claims" in the adversary proceeding.  The notice

of the BAP's order was filed in the docket of this adversary proceeding (docket no. 146).

12.	Thereafter, the Plaintiffs filed their unopposed motion for a certification of the

Dismissal Order under Fed. R. Bankr. P. 7053 and Fed. R. Civ. P. 54(b) (the "Rule 54(b)

Motion) (docket no. 156).  On November 26, 2007, the Court entered its Order granting the Rule

54(b) Motion and certified the Dismissal Order as final (the "Rule 54(b) Order) (docket no. 160).

The Rule 54(b) Order recites that the Dismissal Order is a final judgment pursuant to Rule 54(b),

that the Dismissal Order "wholly terminated the action as to the Plaintiffs," and that "there is no

just reason for delaying certification and entry of the dismissal Order as a final judgment."  As a

result, the Court directed that the Dismissal Order be entered as a final judgment.

13.	In an Order filed in this adversary proceeding as docket no. 172, the BAP found

that the Rule 54(b) Order did not contain "the necessary findings to enable us to determine

whether we have jurisdiction of this appeal."  The BAP stated that courts certifying a judgment

as final under Rule 54(b) "should clearly articulate their reasons and make careful statements

based on the record supporting their determination of 'finality' and 'no just reason for delay' so

that an appellate court can review a 54(b) order more intelligently and thus avoid jurisdictional

remands."

14.	On January 28, 2008, this Court entered its Order to Show Cause as to Why the

Parties Are Entitled to a Rule 54(b) Certification (the "OSC") (docket no. 179).  The Plaintiffs

submitted proposed Findings.  The Court held a hearing on February 7, 2008 on the OSC and

requested the Trustee and his counsel to comment on the Plaintiffs' Proposed Findings.

4

15.    The Court's dismissal Order in fact terminated the Plaintiffs' involvement in the adversary proceeding.  There are no more matters pending in this adversary proceeding which involve the Plaintiffs.

16.    The Plaintiffs have not participated in the proceeding since the dismissal of their Complaint.

17.    The Court finds that the dismissal Order wholly terminated the action as to the Plaintiffs.

18.    The Plaintiff's have informed the Court of their desire for a timely disposition of their appeal.

19.    Should the Plaintiffs be successful on appeal prior to the resolution or trial of the cross-claim Complaint, the Plaintiffs have informed the Court that they intend to resume their litigation against the Defendants and participate in the trial of the case.

20.    Given that the cross-claim Complaint is still pending, should the Court's dismissal Order be overturned on appeal, the Plaintiffs could resume the litigation of their Complaint in conjunction with the litigation of the cross-claim Complaint.

21.    The Service and the Trustee for Twin Lakes have not objected to certification of the dismissal Order as a final order pursuant to Rule 54(b), except that the Trustee has filed comments on the Plaintiffs' proposed Findings of Fact and Conclusions of Law.

22.    The adversary proceeding has been pending for over two years and most likely may not be completed prior to the decision on appeal.

23.    Judicial economy and preservation of the assets of the Debtor's estate are best served by permitting an appeal of the Court's dismissal Order to proceed immediately.

5

24.     Thus, the Court finds no just reason to delay the certification of the dismissal

Order as a final order pursuant to Rule 54(b).

## CONCLUSIONS OF LAW

1.     Rule 54(b) of the Federal Rules of Civil Procedure states:

> When an action presents more than one claim for relief – whether as a
> claim, counterclaim, crossclaim, or third-party claim – or when multiple
> parties are involved, the court may direct entry of a final judgment as to
> one or more, but fewer than all, claims or parties only if the court
> expressly determines that there is no just reason for delay.  Otherwise, any
> order or other decision, however designated, that adjudicates fewer than
> all the claims or the rights and liabilities of fewer than all the parties does
> not end the action as to any of the claims or parties and may be revised at
> any time before the entry of a judgment adjudicating all the claims and all
> the parties' rights and liabilities.

2.     In interpreting Rule 54(b), the U.S. Supreme Court has held that the trial court is

"used as a 'dispatcher.'" Sears, Roebuck and Co. V. Mackey, 351 U.S. 427, 435 (1956).

3.     Thus, the trial court is permitted to determine in the first instances, the

appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in

a multiple claims action is read for appeal." Id.

4.     Rule 54(b) specifically requires "that for 'one or more but less than all' multiple

claims to become appealable, the [trial] Court must make . . . 'an express determination that

there is no just reason for delay' .... Id.

5.     As the BAP recently held, "there are 'three prerequisites for appeal' of orders

certified under Rule 54(b):  (1) 'multiple claims' in the lawsuit; (2) a 'final decision' on at least

one of those claims; and (3) the trial court's determination that 'there is no just reason for delay."

Ries v. Sukut (In re Sukut), Case No. 07-059, at 7 (slip op. Bankr. 10th Cir., Dec. 18, 2007) citing

Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005).  "'Rule 54(b) allows entry of judgment only

6

upon <u>final</u> disposition of at least one claim, or of all claims involving at least one party.'

Significantly, Rule 54(b) does not eliminate the need for finality.  Rather, it simply allows the

court to find that its judgment either (1) fully and finally disposes of one or more, but less than

all, of the 'claims' in an action, or (2) resolves all claims against one or more, but less than all, of

the parties and that is appropriate for immediate appeal (<u>i.e.</u>, that 'there is no just reason for

delay')."  <u>Id.</u>  "In determining the appropriateness of a Rule 54(b) certification, courts should

weigh the 'policy of prevent piecemeal appeals against the inequities that could result from

delaying an appeal.'  Specifically, a certified claim should be sufficiently separable from the

remaining claims 'such that no appellate court would have to decide the same issues more than

once even if there were subsequent appeals."  <u>Id.</u> at 8.  Finally, as  the BAP stated "[a] claim for

purposes of Rule 54(b) consists of 'all factually or legally connected elements of a case.'"  <u>Id.</u>

      6.        Prior to the entry of the Dismissal Order, this adversary proceeding clearly

involved more than one claim for relief and had multiple parties involved (plaintiffs, defendants,

cross-claim plaintiff, cross-claim defendant).  The Dismissal Order terminated the adversary

proceeding as to the Plaintiffs because their complaint was dismissed in its entirety.  The

Dismissal Order clearly terminated the Plaintiffs as parties and the claims they brought and is

"final" as to them.  The Dismissal Order did not resolve all the claims in the adversary

proceeding.  However, because of the pending cross-claims, which have not been adjudicated

and which, in fact, have now been consolidated with the Debtor's objection to the Service's

claim, the other parties must still resolve those.

      7.        The question under Rule 54(b), then, is whether "there is no just reason for

delay."  This involves a contest between the comparative harms of potential inequity to the

Plaintiffs by requiring them to wait until the final resolution of the entire adversary proceeding to appeal and the general policy against piecemeal appeals, which involves in part the "separability" of claims.

8.    The Trustee has no objection to the Proposed Findings as they are now submitted to the Court.

9.    There appears to be some inequity to the Plaintiffs in not allowing their appeal to proceed.

10.    Plaintiffs' issues on appeal appear to be separate from those that remain pending before this Court regarding the cross-claim and claim objection.

11.    There is some similarity between some of the claims asserted by the Plaintiffs and claims asserted by the Debtor against the Service in the cross-claim.

12.    The Court concludes that its dismissal Order was a final judgment and wholly terminated the action as to one of the parties to the proceeding–the Plaintiffs– but not a to the remaining parties.

13.    The Court expressly determines and concludes that there is no just reason for delaying certification and entry of the dismissal Order as a final judgment.

14.    The Court concludes that the dismissal Order, entered April 27, 2007, granting Defendant USA's Motion to Dismiss the Plaintiffs' claims, should be considered and entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

<u>RULE 54(b) CERTIFICATION</u>

Based on the foregoing, the Court finds and concludes, pursuant to Rule 54(b) that, as to Plaintiffs Phillip Fry, as Trustee of the Victoria Fry Children's Trust, Heather Fry, Nicole Fry,

Valerie Fry, and the Victoria Fry Children's Trust, the dismissal Order should be and is hereby

certified as a final judgment of dismissal of all the Plaintiffs' claims.

— END OF DOCUMENT —

SERVICE LIST

Larry M. Meyers
Attorney for Plaintiffs
P.O. Box 1146
St. George, UT 84771-1146

Philip E. Blondin
Chad D. Nardiello
U.S. Dept. of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C.  20044-0683

S. Mark Barnes
Special Assistant U.S. Attorney
150 Social Hall Avenue, Suite 313A
Salt Lake City, UT 84111-1504

Duane H. Gillman
Steven J. McCardell
Durham Jones & Pinegar
111 East Broadway, #900
Salt Lake City, UT 84111

David C. West
321 North Mall Drive, Suite 0-202
St. George, UT 84790

Laurie A. Cayton
U.S. Trustee's Office
405 South Main Street, #300
Salt Lake City, UT 84111-3400